JAP:SCF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M11-286**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

KIARA QUINONES,

               Defendant.

- - - - - - - - - - - - - - - - -X

PRE-ARRAIGNMENT
C O M P L A I N T

(21 U.S.C. §§ 952(a)
and 960)

EASTERN DISTRICT OF NEW YORK, SS:

      CHRISTIAN ALBANESE, being duly sworn, deposes and states that he is a Special Agent with Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about March 17, 2011, within the Eastern District of New York and elsewhere, defendant KIARA QUINONES did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

      (Title 21, United States Code, Sections 952(a) and 960).

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

    [1]    Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant

2

1.   At approximately 11:00 a.m. on March 17, 2011, defendant KIARA QUINONES arrived at John F. Kennedy International Airport in Queens, New York, aboard Jet Blue Flight No. 828 from Santo Domingo, Dominican Republic.

2.   Customs Inspectors approached defendant KIARA QUINONES for a Customs inspection. During that inspection, defendant QUINONES stated that she had recently traveled to the Dominican Republic to visit her boyfriend "Denny" who had been deported from the United States following narcotics charges. The defendant also stated that she had traveled to the Dominican Republic to visit her daughter's aunt, a woman by the name of "Claudia Sanchez Minelba." Defendant then provided a contact phone number for this individual. When Customs Inspectors subsequently called the telephone number provided by the defendant, the individual who answered the phone claimed to not know the defendant. At this point, Customs Inspectors also determined that there was an outstanding warrant seeking the defendant's arrest.

3.   Customs Inspectors at this point considered defendant QUINONES a possible internal narcotics courier, and provided QUINONES with an x-ray consent form, which was read to the defendant. QUINONES appeared to understand the contents of the form, and she voluntarily signed it. QUINONES was then

---

facts and circumstances of which I am aware.

3

transported to the medical facility at John F. Kennedy International Airport for an x-ray examination of her intestinal tract. The x-ray was positive for the presence of foreign bodies.

    4.   QUINONES subsequently passed 22 pellets, one of which was probed and tested positive for the presence of cocaine. In response to additional questioning, defendant QUINONES voluntarily admitted to ingesting narcotics.

    5.   Defendant KIARA QUINONES will be detained at the JFK medical facility until such time as she has passed all the pellets contained within her intestinal tract.

WHEREFORE, your deponent respectfully requests that the defendant KIARA QUINONES be dealt with according to law.

*[signature]*

CHRISTIAN ALBANESE
Special Agent
Homeland Security Investigations

Sworn to before me this
18th day of March, 2011

)GE